IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| **Plaintiff,** | § § § | |
| v. | § § | **CIVIL ACTION NO.** |
| **FIRST STREET SURGICAL CENTER, L.P., and FIRST SURGICAL PARTNERS, LLC,** | § § § § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

ORIGINAL COMPLAINT
OF THE
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights of 1991, as amended, to correct unlawful employment practices on the basis of sex and discriminatory retaliation, and to provide appropriate relief to Martha Rodriguez, Wookyong "April" Song, and other females who were adversely affected by such practices. As alleged with greater particularity in paragraphs 9 through 16 below, Defendants First Street Surgical Center, L.P. ("FSSC") and First Surgical Partners, LLC ("FSP"), discriminated against Rodriguez, Song, and other female employees of the Defendants, in violation of Title VII. The unlawful discrimination includes the following: subjecting females to sexual harassment or a hostile work environment because of their gender; subjecting them to retaliation because they rejected the advances of the alleged harasser and/or complained about the harassment; terminating the employment of Song in retaliation for her making an internal complaint about the discrimination; further retaliating against Song by making a false complaint against her to the Texas Board of Nursing; and constructively discharging Rodriguez.

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706f(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.  Venue is appropriate in this Court.

**PARTIES**

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 f (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant First Street Surgical Center, L.P., has been a Texas partnership, has continuously been doing business in the State of Texas and the City of Bellaire, and has continuously had at least 15 employees.  FSSC may be served with process by serving its registered agent, Anthony Rotondo, 411 First Street, Bellaire, Texas 77401.

5.      At all relevant times, FSSC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.      At all relevant times, Defendant First Surgical Partners, LLC, has been a Texas corporation, and has continuously been doing business in the State of Texas and this District.  FSP may be served with process by serving its registered agent, Anthony Rotondo, 411 First Street, Bellaire, Texas 77401.

7.  At all relevant times, FSP has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8.  More than thirty days prior to the institution of this lawsuit, Rodriguez and Song filed charges with the Commission alleging violations of Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

9.  Defendants constitute a joint employer and/or an integrated enterprise.

10. Since at least July 2004, Defendants engaged in unlawful employment practices at their Bellaire, Texas, outpatient surgical facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), and Section 704 of Title VII, 42 U.S.C. § 2000e-3(a).

11. Defendants' unlawful employment practices included subjecting Rodriguez, Song, and other female employees to sexual harassment or a gender-based hostile work environment. Soon after Rodriguez began her employment in July 2005, a male supervisory nurse, Keith Augustine, began making sexual advances towards her, which she consistently rejected. Song was subjected to similar advances within a week of her starting to work for Defendants around April 1, 2008.

12. The sexual harassment and gender-based hostile work environment to which several of Defendants' female employees were subjected included the following: pervasive requests for dates and other forms of overt, sexual advances; pervasive grotesque sexual references and jokes; overtly sexual, physical innuendo involving the harasser's male genitalia; the display of offensive cell phone photograph(s) of male genitalia, among other offensive acts and language. All of the sexual harassment or gender-based hostility by the harasser was unwelcome and subjectively and objectively offensive.

13. Defendants' unlawful employment practices also included subjecting Rodriguez, Song, and other female employees to retaliatory mistreatment for rejecting the advances of the harasser and/or for complaining about the harassment. The retaliatory mistreatment against those females who rejected the harasser's advances and/or complained about his harassment included the following: burdening them with more difficult assignments; verbal retribution and/or unwarranted performance-based counseling by the harasser or other of Defendants' managers (including a warning letter that was issued to Rodriguez after she complained about the sexual harassment and retaliatory mistreatment of the harasser); the harasser's attempting to create the appearance to physicians or upper management that those who rejected his advances or complained about him were incompetent, had performance issues, neglected their duties and/or were deemed problematic to work with; and the harasser's use of physical innuendo, suggestion or intimidation directed against certain females who rejected his advances and/or complained about him.

14. Defendants' unlawful employment practices included the constructive discharge of Rodriguez in October 2007, due to her forced resignation after Defendants refused to remedy the sexual harassment, gender-based hostile work environment, and retaliatory mistreatment directed against her by the harasser.

15. In July 2004, Defendants warned Augustine about his "relationship with co-workers." He was admonished at that time that "Not everyone Needs or wants to know about your sex life." In 2007, long after Defendants were aware that allegations of Augustine's harassment persisted, Augustine was named Defendants' Employee of the Year.

16. Defendants' unlawful employment practices included their termination of Song on or about April 30, 2008, and their false report against her, via letter dated May 7, 2008, to the Texas Board of Nursing. Both of these adverse actions by Defendants against Song were made

4

in retaliation for her internal complaint about the alleged harasser's sexual harassment, gender-based hostile work environment, and his retaliatory mistreatment against her and other female employees.

17.     The effect of the unlawful practices complained of in paragraphs 9 – 16, above, has been to deprive Rodriguez, Song, and other current and former female employees of the Defendants of equal employment opportunities and otherwise adversely affect their status as employees because of their gender and/or discriminatory retaliation.

18.     The unlawful employment practices complained of in paragraphs 9 -16, above, were and are intentional.

19.     The unlawful employment practices complained of in paragraphs 9 – 16, above, were done with malice or with reckless indifference to the federally protected rights of Rodriguez, Song and other current or former female employees of the Defendants.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from engaging in any employment practice which discriminates based on gender and retaliation in violation of Title VII.

B.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for females, and which eradicate the effects of their past and present unlawful employment practices.

C.     Order Defendants to make whole Rodriguez, Song, and other females by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial,

and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement, or alternatively front pay.

D.     Order Defendants to make whole Rodriguez, Song, and other female employees of the Defendants by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9 through 16, above, in amounts to be determined at trial.

E.     Order Defendants to make whole Rodriguez, Song, and other female employees of the Defendants by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 9 through 16, above, including emotional pain, inconvenience, and humiliation, in amounts to be determined at trial.

F.     Order Defendants to pay Rodriguez, Song, and other current or former female employees punitive damages for Defendants' malicious and reckless conduct described in paragraphs 10 through 16, above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**RONALD S. COOPER**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

    /s/ Timothy M. Bowne
Timothy M. Bowne
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 00793371
S.D. Tex. No. 20023
Equal Employment Opportunity
    Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002
(713) 209-3395
(713) 209-3402 [facsimile]
timothy.bowne@eeoc.gov


**N. ELEANOR GRAHAM**
Senior Trial Attorney
La. Bar Roll No. 16946
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans Field Office
1555 Poydras Street, Suite 1900
New Orleans, LA 70112
Tel:   (504) 595-2875 (Graham)
Fax: (504) 595-2886

**COUNSEL FOR PLAINTIFF**
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**


OF COUNSEL:

Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002